[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This purported administrative appeal was filed by the plaintiff, Thomas Tsimbidaros, in response to the dismissal of a complaint by the Commission on Human Rights and Opportunities ("CHRO"). The named defendants in this action are William Brinkley, who is the Waterbury Regional Manager of the CHRO, the Attorney General, and the Judicial Department. Before the court is the defendant's motions to dismiss.
On June 19, 1995, the plaintiff filed a complaint with the CHRO in which he alleged that the Connecticut Judicial Department has conspired with the United States Department of Justice to do bodily harm to him because he is of Greek ancestry and because of his political beliefs. On July 18, 1995, the CHRO sent the plaintiff a notice of dismissal for lack of jurisdiction. The plaintiff served this purported appeal upon the Attorney General and William Brinkley on July 24, 1995.
On August 22, 1995 and August 25, 1995, the defendants filed the operative motions to dismiss along with a supporting memorandum. In response, the plaintiff filed an objection and supporting memorandum on August 24, 1995. Oral argument was heard before the court at short calendar on October 12, 1995.
"It is well established that the right to appeal an administrative action is created only by statute and a party CT Page 1387 must exercise that right in accordance with the statute for the court to have jurisdiction. New England Rehabilitation ofHartford, Inc. v. CHHC, 226 Conn. 105, 627 A.2d 1257 (1993).
Appeals from decisions of the CHRO may be taken to the Superior Court pursuant to Connecticut's Uniform Administrative Procedures Act ("the UAPA"). General Statutes §§ 46a-94a and 4-183. General Statutes § 46a-94a, which is the specific statutory authority permitting appeal of a CHRO decision, provides in relevant part:
 The CHRO, any respondent or any complainant aggrieved by a final order of a presiding officer or any complainant aggrieved by the dismissal of his complaint may appeal therefrom in accordance with § 4-183 . . .
Only certain relief is available in an administrative appeal conducted pursuant to the UAPA. Section 4-183 (k) outlines the relief available in an administrative appeal and provides:
 If a particular agency action is required by law, the court on sustaining the appeal, may render a judgment that modifies the agency decision, orders the particular agency action, or orders the agency to take such action as may be necessary to effect the particular action.
There is also no right to a jury trial in an administrative appeal. Section 4-183(i) provides that administrative appeals are to be "conducted by the court without a jury."
The resolution of this issue requires an examination of the jurisdiction of the CHRO which is defined by General Statutes § 46a-82 and 46-51(8). Section 46a-82(a) provides in pertinent part:
 Any person claiming to be aggrieved by an alleged discriminatory practice . . . may . . . make, sign and file with the commission a complaint.
(Emphasis added.) Section 46a-51(8) defines a discriminatory practice as "a violation of section 4a-60, 4a-60a, 46a-58, 46a-59, CT Page 138846a-60, 46a-64, 46a-64c, 46a-66, 46a-68, section 46a-70 to46a-78, inclusive, subsection (a) of section 46a-80, or sections46a-81b to 46a-81o inclusive." Examples of such discriminatory practices include: failure to include nondiscrimination and affirmative action provisions in state contracts, General Statutes § 4a-60; failure to include provisions regarding sexual orientation discrimination in state contracts, General Statutes4a-60a; "deprivation of any rights, privileges or immunities secured or protected by the constitution or laws of this state or the United States on account of religion, national origin, alienage, color, race, sex, blindness or physical disability", desecration of public property, cross burning on public property, cross burning on private property without consent of the owner, General Statutes § 46a-59; discriminatory employment practices, General Statutes 46a-60; discriminatory public accommodation practices, 4a-64; discriminatory housing practices, General Statutes 46a-66; failure of state agency to file, monitor and administer affirmative action plans, 46a-68; failure to provide for equal employment opportunity in state agencies, General Statutes 46a-70 to 46a-78; denial of state employment because of prior criminal conviction, General Statutes 46a-80; sexual orientation discrimination, General Statutes 46a-81b to 46a-81o.
"There is no absolute right of appeal to the courts from a decision of an administrative agency. . . .The UAPA grants the Superior Court jurisdiction over appeals of agency decisions only in certain limited and well delineated circumstances. . . Judicial review of an administrative decision is governed by General Statutes 4-183(a) of the UAPA, which provides that [a] person who has exhausted all administrative remedies . . . andwho is aggrieved by a final decision may appeal to the superiorcourt . . . . A final decision is defined in 4-166(3)(A) as theagency determination in a contested case . . . ." (Emphasis added; internal quotation marks omitted.) Lewis v. GamingPolicy Board, 224 Conn. 693, 699-700, 620 A.2d 780 (1993).
"A contested case is . . . a proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . . Not every matter or issue determined by an agency qualifies for contested case status. . . . [W]e have determined that even in a case where a hearing is in fact held, in order to constitute a CT Page 1389 contested case, a party to that hearing must have enjoyed astatutory right to have his legal rights, duties or privilegesdetermined by that agency holding the hearing . . . . In theinstance where no party to a hearing enjoys such a right, theSuperior Court is without jurisdiction over any appeal from thatagency's determination." (Citations omitted; emphasis added; internal quotation marks omitted.) Lewis v. Gaming PolicyBoard, supra, 224 Conn. 700.
Against this legal and factual background the plaintiff's appeal is deficient in two respects. First, the plaintiff has failed to bring his appeal in the statutorily prescribed manner. Second, the plaintiff has failed to demonstrate that he is aggrieved by a final decision of the CHRO.
In his appeal, the plaintiff seeks either one hundred trillion dollars in damages or, in the alternative, a jury trial. As the preceding discussion illustrates, neither of these remedies is available in an administrative appeal. For this reason, the plaintiff has failed to exercise his right of appeal in accordance with General Statutes §§ 4-183 and 46a-94a.
The plaintiff has also failed to demonstrate that he is aggrieved by a final decision of the CHRO. The Lewis decision instructs that a plaintiff must have enjoyed a "statutory right to have his `legal rights, duties or privileges' determined by the agency" in order for the Superior Court to have jurisdiction over an appeal from an administrative decision. In the present case, the plaintiff's complaint was dismissed due to lack of subject matter jurisdiction. The complaint alleges that "Agents of the Judicial Department by orders of the Attorney General knowingly, willingly and intentionally conspired to violate complainant's civil, human and constitutional rights." The preceding discussion illustrates that the jurisdiction of the CHRO is limited by the definition of a discriminatory practice. In contrast, the plaintiff's complaint alleges criminal conduct which is beyond the scope of the jurisdiction of the CHRO. Therefore, the plaintiff enjoyed no statutory right to have his claim adjudicated by the CHRO. Consequently, the plaintiff enjoyed no right of appeal to Superior Court from the dismissal of his complaint.
Having concluded that the plaintiff has failed to exercise his right of appeal in the statutorily prescribed manner and that he has failed to demonstrate aggrievement, this court lacks CT Page 1390 subject matter jurisdiction over the present appeal.
Accordingly, the motions to dismiss are granted.
KULAWIZ, J.